**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Salvatore OLIVERIO,**
**Defendant-Appellant.**

**No. 82–3457.**

United States Court of Appeals,
Sixth Circuit.

Argued April 14, 1983.
Decided May 11, 1983. ·

---

John P. Mahaffey, (CJA), Hirsch and Associates, Columbus, Ohio, for defendant-appellant.

James Cissel, David I. Shroyer, U.S. Attys. Office, Columbus, Ohio, for plaintiff-appellee.

Before LIVELY and CONTIE, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

This is an appeal from conviction for unlawful impersonation of a United States officer and interstate transportation of stolen property, 18 U.S.C. §§ 912 and 2314. Following a bench trial at which the defendant offered no witnesses or other evidence, the district court found the defendant guilty on both counts. The appeal to this court is based on the argument that events at a previous trial in a different district precluded the prosecution from which the present appeal is taken. We find no merit in the argument of the defendant and affirm his conviction.

In 1979 Oliverio pled guilty to four counts of interstate transportation of falsely made securities in the United States District Court for the Southern District of West Virginia. The offenses took place in Alabama, but the defendant was arrested in West Virginia and signed a consent to transfer for the purpose of plea and sentencing pursuant to Rule 20, Federal Rules of Criminal Procedure. The transcript of the plea hearing discloses that the district judge in West Virginia made a careful inquiry before accepting the guilty plea. When the judge asked if there was any plea agreement the assistant United States attorney stated several times that there was none, and the defendant does not now claim that there was a violation of a plea bargaining agreement. However, during the colloquy the assistant United States attorney informed the judge that at the request of the federal defender the government had made an inquiry of other United States attorney's offices to determine whether there were outstanding investigations or charges pending against Oliverio in other districts. The assistant United States attorney emphasized that this action was not part of any plea agreement, but was done merely as an accommodation. Oliverio was then asked by the West Virginia judge if he had been offered any promises of leniency or lighter sentence to induce him to plead guilty and he replied that no such promises had been made.

At a hearing in the Southern District of Ohio on defendant's motion to dismiss the indictment which led to the conviction now being appealed, Oliverio testified that he had understood that by pleading guilty to the four Alabama charges he was disposing of all outstanding charges against him. He contended that this was his understanding of the consent which he signed to the Rule 20 transfer.

On appeal it is admitted that the misconception which the defendant had of the effect of the Rule 20 consent was purely subjective and that it arose primarily from discussions with his own counsel. The judge in West Virginia who accepted the plea did so on the assurance that there was no plea agreement. The defendant does not contend that there was a plea agreement, but only that the government should be estopped from prosecuting him because

of his subjective impression, completely erroneous and never communicated to the judge, the prosecutor or even to the federal defender representing him, that further prosecutions for any acts performed prior to the time of his guilty plea in West Virginia were foreclosed. There is no merit to this argument. The defendant was convicted in West Virginia on a valid guilty plea at which he had full opportunity to express any misgivings or ask any questions concerning the procedures which were followed. He cannot now rely on his mistaken subjective impression of the effect of his earlier guilty plea as a bar to prosecution on totally unrelated charges in the Southern District of Ohio.

The judgment of the district court is affirmed.