815 F.2d 80
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven F. O'CONNELL, Defendant-Appellant.
 No. 86-3053.
 United States Court of Appeals, Sixth Circuit.
 Feb. 17, 1987.
 
 Before MARTIN and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 In this action, petitioner challenges the continuing validity of a guilty plea entered by him to a charge of interstate transportation of stolen property (18 U.S.C. Sec. 2314) in 1984. He also attempts to vacate a decision of the United States Parole Commission denying his request for early release from confinement. This action is styled as one brought under Rule 35, Federal Rules of Criminal Procedure or, in the alternative, as a petition under 28 U.S.C. Sec. 2255. The district court denied relief and this appeal followed. On appeal the parties have briefed the issues.
 
 
 3
 We initially note that this petition, filed more than 120 days after the entry of the underlying judgment, can only be construed as a petition under section 2255. Rule 35(b), Federal Rules of Criminal Procedure. The portion of this petition seeking to vitiate the plea agreement is without merit. Review of the record reveals petitioner received all that he bargained for in exchange for his guilty plea. His present attack on the validity of the plea, based solely on a subjective impression of the bargain, is of no legal effect. United States v. Oliverio, 706 F.2d 185 (6th Cir.1983) (per curiam). The remainder of the petition is ineffective as a means to obtain review of a decision of the United States Parole Commission. United States v. Addonizio, 442 U.S. 178 (1979). Such review can only be obtained in an action under 28 U.S.C. Sec. 2241 in the district wherein petitioner is incarcerated. The portion of the instant petition questioning the parole decision thus is meritless, having been brought under the incorrect statute in the wrong judicial district. We affirm. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 4
 It is therefore ORDERED that the final order of the district court be affirmed.